**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Shane Sipe,<br><br>            Plaintiff,<br><br>vs.<br><br>Las Vegas Metropolitan Police Department, *et al*.<br><br>            Defendants. | Case No. 2:26-cv-00060-GMN-MDC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 5), DENYING APPLICATIONS TO PROCEED IN FORMA PAUPERIS (ECF NO. 7, 9) AS MOOT AND DISMISSING WITHOUT PREJUDICE THE COMPLAINT (ECF NO. 1-1)** |

Pending before the Court is pro se plaintiff Shane Sipe's Application to Proceed in Forma Pauperis ("IFP") (ECF No. 5). The Court **GRANTS** the IFP application.[1] After reviewing the proposed Complaint, the Court **DISMISSES** the Complaint (ECF No. 1-1) without prejudice, and with leave to refile.

**DISCUSSION**

**I.      IFP APPLICATION**

   **A.      Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefore." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 878 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay

---

[1] Plaintiff filed three identical long-form IFP applications to remedy the deficiencies present in the original IFP application. *ECF No. 5; ECF No. 7; ECF No. 9*. The Court construes the first of the identical applications, at ECF No. 5, as the operative application. Thus, the remaining applications at ECF No. 7 and ECF No. 9 are denied as moot.

those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 336 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145 at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an IFP application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 445-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. *See, e.g., Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. November 9, 2016), report and recommendation adopted

sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. December 30, 2016).

### B.   Plaintiff Qualifies For IFP Status

The Court denied plaintiff's prior IFP application and ordered him to file an IFP long-form application or pay the filing fee if he wanted to proceed in this matter. *ECF No. 4*. Plaintiff's original IFP was denied because he represents that he is homeless but then lists a home address as part of his contact block in the Complaint. *See ECF No. 4*. The Court required plaintiff to clarify if the home address he lists in his contact block is a place he lives in or what other connection he has to that address that allows him to receive court filings or documents there. *Id*. Further, the Court required plaintiff to explain how he does not spend any regular expenses on necessities of life like food or if he receives any benefits or other money to pay for his necessities of life. *Id*.

The Court finds plaintiff now qualifies for IFP status. In Plaintiff's long-form application, he explained that the address listed in the Complaint is a mailing address used for receiving court correspondence with permission of the property owner. *ECF No. 5 at 5*. Further, Plaintiff explained that he meets his basic needs through charitable resources and occasional assistance from others. *Id*. Plaintiff notes that he has no money or assets worth money. *ECF No. 5*. at 1-3. Therefore, the Court finds that plaintiff addresses the discrepancies in his prior IFP application and adequately shows he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff may proceed with this action without paying the filing fee.

## II.   WHETHER THE COMPLAINT STATES A PLAUSIBLE CLAIM

### A.   Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1006 (9th Cir. 1995) (emphasis added).

### B.      Complaint

Plaintiff brings civil right claims against Clark County ("Clark"), Las Vegas Metropolitan Police Department ("Metro"), and dozens of police officers within Metro for alleged violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments, along with multiple other claims. *ECF No. 1-1*. The Complaint is difficult to follow, but he seems to allege that defendants conspired over four months to wrongfully arrest him, destroy and take his property, and steal his identity. *See id*. However, plaintiff's alleged conspiracies involve several unrelated events.

Plaintiff first alleges that Rebecca Pittman, who plaintiff alleges was homeless woman he let live in his house in 2019 but later attempted to have her leave later that same year, filed a report of domestic violence against him on February 1, 2021. *ECF No. 1-1* at 5-6. Plaintiff alleges that defendant had reason to doubt Pittman but nonetheless improperly investigated and helped initiate prosecution proceedings against him. *See id.* at 6-8. He was unaware about the details of the investigation and prosecution until he received the incident report on April 9, 2021. *See id.* at 8. He retained an attorney for $2,250 and the prosecutor dismissed all charges in May 2021. *Id.* at 9.

Plaintiff then alleges a separate and unrelated event where he was arrested on April 12, 2021, following an alleged home invasion attempt by Pittman and four other individuals where plaintiff fired two warning shots from his rifle in response. *Id.* at 10. Plaintiff alleges that defendants conspired to violate his civil rights for the April 12 arrest, stating that there was a coordinated attempt to provide false information between the Metro dispatch and the responding officers. *See id* at 10-14. He also alleges defendants arrested him while protecting Pittman and other alleged home invaders, conducted an illegal search on his home, and deliberately misidentified evidence. *Id.* at 11-16. Plaintiff was charged with various crimes in connection to these events. Plaintiff alleges further wrongdoing by defendants and non-parties during his case and that "[s]omeone continued to manipulate the record to cover up irregularities…." *Id.* at 18.

On May 24, 2021, plaintiff alleges another separate and unrelated event where he was arrested after several police officer defendants misrepresented a Temporary Protective Order ("TPO") that Pittman had against plaintiff. *Id.* at 23. Plaintiff claims that four police officer defendants conspired against him as he was arrested 32 minutes after the court hearing granting the TPO ended. *See id.* at 24-28. He also complains that he was never served the TPO and that the police officers allowed Pittman to remain in his home while removing lawful tenants. *Id.* at 26. Finally, plaintiff alleges that further wrongdoing by various defendants and non-parties led to him being incarcerated for 115 days, Pittman

selling all his possessions, the impounding and citation of his car, and Pittman not being investigated or charged with any crimes, amongst other harms. *See id.* at 28-39.

In sum, the Complaint is an omnibus statement of grievances arising out plaintiff's interactions with varying government entities and private non-parties over a period of months.

### C.    Rule 8

A dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written… prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory"). *Pro se* litigants are not exempt from following court rules. *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir. 1997); *see, e.g.*, *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (denying *pro se* litigant's motion to compel discovery due to untimely filed, improperly formatted interrogatories).

The Complaint spans 60 pages, alleges numerous incidents across different dates, names dozens of defendants, and pleads broad conclusions to try to link each incident into a connected web of conspiracies targeting him. *See generally ECF No. 1-1.*[2] For example, plaintiff makes a conclusory claim that Rebecca Pittman was "coached" by Metro police officers to say plaintiff had a shotgun in the home and that she was in fear for her life when making her February 1, 2021 domestic violence report. *ECF No. 1-1* at 9. On its face, the Court finds that the Complaint is so confusing and spans so many

---

[2] Plaintiff also cites to several exhibits in the Complaint, but does not attach any exhibits.

different alleged events, it impedes fair notice and plausibility to the dozens of seemingly unrelated defendants. *See Nevijel*, 651 F.2d at 673-74. Therefore, the Complaint is dismissed because it did not comply with Rule 8.

> **D.    Lack Of Facts To Plausibly Show Concerted Action**

The Complaint asserts conspiracies among various facially unrelated parties and events but fails to allege sufficient facts to reasonably plead concerted action among them.  In other words, as drafted, the Complaint does not include allegations that rationally plead the claimed concerted action. "Federal courts routinely dismiss allegations regarding broad-based conspiracies" that are not rationally plead. *Hoover v. Federal Files Court*, No. 2:21-cv-02194-JAD-VCF, 2022 WL 314921, at *2 (D. Nev. January 31, 2022). Moreover, the Complaint claims various circumstances that are out of the ordinary or asserts conduct that is out of the norm, such as law enforcement officers and actors in the judicial system engaging in deception. In such cases, the law also requires more developed allegations to rationally support such unusual circumstances. When a complaint lacks such developed allegations, it risks being labeled as "frivolous." *See id.*, at *3 (a complaint may be considered "frivolous" if it is based on nonexistent legal interests or unusual factual scenarios) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-30 (1989)). The Complaint here lacks sufficient factual content to rationally plead the asserted concerted action. That said, the Court gives plaintiff a chance to amend the Complaint, as stated below.

> **E.    Improper Joinder**

Rule 20 of the Federal Rules of Civil Procedure governs the joinder of persons to a suit. With respect to defendants, it permits their joinder into one action when the right to relief arises out of the same transaction or occurrence, or out of a series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a)(2)(A). In addition, common questions of law or fact must be present. See *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). "Unrelated claims against different defendants belong in different suits[.]". *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiffs' lawsuit is against dozens of seemingly unrelated defendants and incidents. The Court has already found that the underlying connected conspiracies alleged in the Complaint lack sufficient facts to rationally connect them. As a result, there is not sufficient factual matter to also connect and join the defendants in one action. Defendants may be joined in one action only when the right to relief against them arises out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2)(A). In addition, common questions of law or fact must be present. See *Coughlin*, 130 F.3d at 1351. The Court gives the plaintiff an opportunity to attempt to remedy this problem and amend the Complaint to remove unrelated events, actors, and claims. Plaintiff should only assert claims and actors that relate to the same transaction, occurrence, or series of transactions or occurrences. As discussed above, events cannot be connected or considered related by asserting they are part of interrelated conspiracies that are not factually and rationally developed.

### F.    Leave to Amend

The Court will give plaintiff an opportunity to establish a plausible claim for relief. When amending a complaint, "[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new complaint that stands on its own and does not incorporate or build upon a rejected complaint. Plaintiff has until **September 4, 2026,** to file an amended complaint addressing the issues above. The Court must caution plaintiff that failure to establish a plausible claim in that amended complaint may result in a recommendation of dismissal without leave to further amend his complaint.

//

//

//

8

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 5) is **GRANTED**.

2.  Plaintiff's duplicative Motions/Applications to Proceed In Forma Pauperis (ECF Nos. 7, 9) are **DENIED** as moot.

3.  Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED** without prejudice, and with leave to amend.

4.  That Plaintiff has until **September 4, 2026**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

DATED: August 3, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.